IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THADDEUS COSBY,

    Plaintiff,

v.                                 Civil Action No. 3:20cv494

TOWN OF FARMVILLE,
et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF COMPLAINT (ECF No. 15) and PLAINTIFF'S MOTION TO EXTEND TIME TO FILE HIS RESPONSE TO MOTION TO DISMISS FILED BY DEFENDANTS TOWN OF FARMVILLE, FARMVILLE POLICE DEPARTMENT, H.A. HOYLE, JR., AND STEWART GODSEY (ECF No. 17). For the reasons set forth below, the motions will be denied.

## BACKGROUND

Some history is appropriate to put in perspective the time extensions requested in these two motions (ECF Nos. 15 and 17). Plaintiff, Thaddeus Cosby, filed this Complaint on June 29, 2020 (ECF No. 21) naming twenty-one defendants and purporting to state sixteen claims. On August 28, 2020, one of the defendants, Prince Edward County, Virginia, filed a motion to dismiss the action against it pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 2). Cosby did not file a response to that motion. Thus, on September 28,

2020, the Court ordered that Cosby file a response by October 20, 2020 upon pain of dismissal (ECF No. 7). Cosby did not file a response as directed. Therefore, on October 22, 2020, the Court entered an Order dismissing Prince Edward County, Virginia as a defendant in this action (ECF No. 11).

On June 29, 2020, the date the action was filed, counsel for Cosby notified the Clerk's Office that he intended to pursue a Waiver of Summons as to each defendant. On August 28, 2020, following a prompt from the Clerk's Office, Cosby's counsel represented to the Clerk's Office that he would follow up with counsel for the defendants on waivers of the service of summons and would promptly file them. Approximately one month later, on September 23, 2020, and approximately three months after the Complaint was filed, Cosby's counsel filed a WAIVER OF THE SERVICE OF SUMMONS for the defendants, Town of Farmville, Farmville Police Department, Stewart Godsey, and H.A. Hoyle, Jr. (also referred to herein as the "Farmville Defendants"). However, nothing was filed as to the other five named defendants.[1] So they remained unserved at the time that the Farmville Defendants filed their motion to dismiss.

---

[1] Timothy M. Bourne, Wade Stinson, Office of the Commonwealth's Attorney for Prince Edward County, Virginia, Morgan Greer, and David Emert. Defendants Bourne and Stinson are dead. Cosby also said that there were eleven John Doe defendants.

On October 19, 2020, the Farmville Defendants filed a MOTION TO DISMISS (ECF No. 9). Cosby's response to that motion was due on November 2, 2020. No response was filed. Thus, on November 6, 2020, the Court entered an Order directing that Cosby file a response by November 16, 2020 upon pain of dismissal (ECF No. 13). Cosby did not file a response by the specified date, November 16.

However, on November 21, 2020, Cosby's counsel filed the PLAINTIFF'S MOTION TO EXTEND TIME TO FILE HIS RESPONSE TO MOTION TO DISMISS FILED BY DEFENDANTS TOWN OF FARMVILLE, FARMVILLE POLICE DEPARTMENT, H.A. HOYLE, JR., AND STEWART GODSEY (ECF No. 17) and PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF COMPLAINT (ECF No. 15). In the motion to extend time to respond to the Farmville Defendants' motion to dismiss, the plaintiff argued that he:

> did not file a Response by the Court-established deadline of November 16, 2020 due to his inability to effectuate service of process on several Co-Defendants in this case, several of whom to have acted in concert with the moving Defendants herein. Plaintiff is unable to file a full and proper response to the motion to dismiss until all Co-Defendants alleged to have acted in concert with the moving Defendants have been served and are full parties to the case.

In the motion to extend time for service of the Complaint, the plaintiff sought time to serve the unserved defendants[2] which is,

---

[2] Estates of the defendants, Timothy M. Bourne and Wade Stimpson, as well as the Office of the Commonwealth's Attorney for Prince

of course, a corollary to the requested extension to respond to the Farmville Defendants' motion to dismiss.

## DISCUSSION

### 1.   Plaintiff's Motion to Extend Time to File Response

In further explanation for the rather belated requested extension of time to file a response to the motion to dismiss by the Farmville Defendants, Cosby makes the following argument:

> Although Plaintiff's claims allege that various Defendants acted jointly or in concert to cause his wrongful conviction and incarceration, the motion to dismiss at issue was brought by only a few discrete Defendants. At least three Defendants whose actions joined with and contributed to Plaintiff's claims against the moving Defendants have not yet been served with the summons and Complaint. Hence, Plaintiff is unable to formulate a full and proper response to the instant motion, and he requires an extension of time to effectuate service of process and prepare his response to the motion to dismiss.[3]

The legal theory upon which Cosby's brief proceeds is said to be Fed. R. Civ. P. 6(b)(1)(B). That rule provides that: "When an act may or must be done within a specified time, the Court may, for

---

Edward County, Morgan Greer, individually and in his official capacity as Assistant Commonwealth's Attorney for Prince Edward County, and J. David Emert, individually.

[3] PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO EXTEND TIME TO FILE HIS RESPONSE TO MOTION TO DISMISS FILED BY DEFENDANTS TOWN OF FARMVILLE, FARMVILLE POLICE DEPARTMENT, H.A. HOYLE, JR., AND STEWART GODSEY (ECF No. 18, p. 2).

good cause, extend the time . . . (B) on motion made after the time has expired if the party if failed to act because of <u>excusable neglect</u>." (emphasis added).

It is settled in this Court that excusable neglect is "a very high bar, applicable to only the extraordinary cases where injustice would otherwise result." <u>Smith v. Look Cycle USA</u>, 933 F.Supp.2d 787, 790-91 (E.D. Va. 2013); <u>see also</u> <u>Symbiontics Inc.</u> <u>v. Ortlieb</u>, 432 Fed. App'x. 216, 220 (4th Cir. 2011). To determine whether there is excusable neglect that meets the bar discussed by <u>Smith</u>, courts consider:

> [1] the danger of prejudice [to the non-moving party], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

<u>Bredell v. Kempthorne</u>, 290 Fed. App'x. 564, 565 (4th Cir. 2008). <u>See also</u> <u>Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'Ship</u>, 507 U.S. 380, 395 (1993). It is also settled that "[t]he most important of these factors is the reason for failure to timely file . . . a party's failure to act with diligence precludes a finding of excusable neglect." <u>Smith</u>, 933 F. Supp.2d at 790 (citing <u>Thompson v. E.I. DuPont de Nemours & Co.</u>, 76 F.3d 530, 534 (4th Cir. 1996); <u>Robinson v. Wix Filtration Co.</u>, 599 F.3d 403, 413

(4th Cir. 2010)).   It   is   against   these   principles   that   the plaintiff's assertion of excusable neglect must be measured.

Cosby's assertion of excusable neglect, to put it charitably, is novel.   To put it more realistically, the assertion is bizarre. Counsel asserts that he was unable to formulate a response to the Farmville Defendants' Motion to Dismiss because there are claims against defendants who, for reasons neither explained nor readily apparent, Cosby has neither served, nor obtained waivers of service from, those other defendants.

To begin, Cosby's brief gives no reason for the delay in serving the unserved defendants.   The only conclusion that can be drawn from the record is that Cosby's counsel has failed to exercise any diligence in effecting service of the unserved defendants.

The reason that Cosby has offered for why he did not respond in a timely fashion to the Farmville Defendants' motion to dismiss is that counsel is unable to formulate a full and proper response to that motion until the other defendants have been served.   That argument, for which there is no citation to case law at all, is an utterly frivolous notion that other defendants have to be served before counsel can formulate a basis upon which to respond to the rather   clear   basis   for   dismissal   sought   in   the   Farmville

6

Defendants' Motion to Dismiss.   That argument simply is not tenable.

Experience teaches that, in many cases, motions made by defendants who have been served are fully briefed and considered even though there are other defendants who have not been served with process.   Thus, in order to make Cosby's failure to file a timely brief plausible, it is necessary that counsel explain why he was unable to respond to the Farmville Defendants' motion while there were as yet unserved defendants.   However, Cosby offers no explanation for why he cannot respond to the Farmville Defendants until service has been effected on the unserved defendants.   If he had any logical valid reason to explain his bizarre view, certainly he would have explained it so that it could be understood.   He did not.

The record does not bespeak specific danger of prejudice to the Farmville Defendants if Cosby's motion is granted.   While, the delay here has delayed the resolution of the case because the Farmville Defendants' motion has remained in limbo, the delay will not delay the trial of the case because civil jury trials have been suspended during the pandemic.

However, as Thompson, Robinson, and Smith all articulate, an equally important, if not the most important, factor is the reason for the failure timely to file and a party's failure to act with

due diligence forecloses a finding of excusable neglect. This record bespeaks a record of slothful inattention to the case from the beginning. It is not without import that, immediately after the case was filed, one defendant (Prince Edward County) filed a motion to dismiss the case against it and Cosby simply chose not to respond to it, even after the Court directed him to do so. Nor is it without moment that Cosby's counsel did not timely respond as required under the rules of procedure and the local rules to the Farmville Defendants' motion, thereby necessitating a prompt by the Court, accompanied by extension of time to respond. And, it certainly is significant that Cosby's counsel did not even meet the extension that was sua sponte granted by the Court. Instead, he blithely asserts a motion for extension of time based on a theory unprecedented in the law and unexplained by logic.

On this record, the Court cannot find that Cosby has exercised any diligence and thus cannot grant the PLAINTIFF'S MOTION TO EXTEND TIME TO FILE HIS RESPONSE TO MOTION TO DISMISS FILED BY DEFENDANTS TOWN OF FARMVILLE, FARMVILLE POLICE DEPARTMENT, H.A. HOYLE, JR., AND STEWART GODSEY (ECF No. 17). Hence, it will be denied.

## 2.   The Motion to Extend Time for Service

Cosby's effort to explain why he needs additional time to serve the unserved defendants is a recitation of the nature of his

8

claims; that an assertion that two of the unserved defendants have died; and that the other unserved defendants did not return the waivers of service.   This theory must be measured against the principles governing when it is appropriate to extend the time for achieving service of process.   As a general proposition, time for extending service under the applicable good cause standard necessitates a finding that the "plaintiff has made 'reasonable, diligent efforts to effect service on the defendant.'"   Taylor v. Hunter, NO. 3:15cv635, 2016 WL 621782, at *2 (E.D. Va. Nov. 15, 2016) (citing Venable v. Dep't of Corr., No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007)).   That general principle derives from the following guidance issued by the United States Court of Appeals for the Fourth Circuit:

> Generally, for the purposes of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiffs.   Put conversely, good cause generally exists when the failure of service is due to external factors, such as the defendant's intentional evasion of service . . . While 'good cause' is a flexible standard, diligence provides a touchstone for an appellate court that is reviewing a dismissal under Rule 4(m).

Attkisson, 925 F.3d at 627 (internal citations omitted).

The record in this case contains no explanation why the unserved defendants have not been served.   In sum, Cosby has exercised no diligence whatsoever.   The failure to serve those

defendants are like his attitude toward the prosecution of the case in general.  He utterly ignored the motion to dismiss filed by Prince Edward County even after the Court, <u>sua</u> <u>sponte</u>, afforded him an extension of time.  He followed suit with the same indolence in addressing the Farmville Defendants' motion to dismiss.  On this record, the Court must conclude that the lack of diligence in serving the unserved defendants was deliberate, as was the failure to respond to the motions to dismiss filed by Prince Edward County and the Farmville Defendants.  Under the circumstances, the PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF COMPLAINT (ECF No. 15) will be denied.

## CONCLUSION

For the reasons set forth above, the PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF COMPLAINT (ECF No. 15) and the PLAINTIFF'S MOTION TO EXTEND TIME TO FILE HIS RESPONSE TO MOTION TO DISMISS FILED BY DEFENDANTS TOWN OF FARMVILLE, FARMVILLE POLICE DEPARTMENT, H.A. HOYLE, JR., AND STEWART GODSEY (ECF No. 17 will be denied.

It is so ORDERED.

_____  /s/  _____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March __9__, 2021